UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEMAJAN MARAZHAPOV,<br><br>        Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF KAZAKHSTAN,<br><br>        Defendant. | NOT FOR PUBLICATION<br><br>**MEMORANDUM AND ORDER**<br>19-CV-435 (LDH) (SMG) |
| NEMAJAN MARAZHAPOV,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST PRESIDENT OF THE REPUBLIC OF KAZAKHSTAN,<br><br>        Defendant. | 19-CV-2036 (LDH) (SMG) |

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Plaintiff Nemajan Marazhapov, proceeding pro se, asserts claims pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, in two related actions against the Republic of Kazakhstan and its first President, respectively. Plaintiff's requests to proceed *in forma pauperis* are granted for the limited purpose of this memorandum and order.

## BACKGROUND[1]

Plaintiff's claims in both actions arise out of civil-court proceedings in Kazahkstan. In his complaint against the Republic of Kazakhstan, Plaintiff alleges that judicial decisions of the Taraz City Court on July 14, 2017, the Zhambyl district court on September 20, 2017, and the Republic of Kazakhstan Supreme Court on March 12, 2018, were "corrupt" and "contrary to the laws of Republic of Kazakhstan." (Compl. 5, Case No. 19-CV-435, ECF No. 1.) Specifically,

---

[1] The following facts are taken from the complaints and, unless otherwise indicated, are assumed to be true for the purposes of this memorandum and order.

Plaintiff asserts that his wife was not allowed to participate in the proceedings on his behalf and was removed from the courtroom. (*Id.* at 7.) He further alleges that documents and evidence were falsified or destroyed. (*Id.*) Plaintiff claims that he suffered more than $300,000 in losses but that the Kazakh courts only recognized $20,000. (*Id.* at 6.)

In his complaint against the President of the Republic of Kazakhstan, Plaintiff references multiple decisions by the Zhambyl regional court apparently related to Plaintiff's construction project in Taraz, Kazakhstan. (*See* Compl. 5, Case No. 19-CV-2036, ECF No. 1.) Plaintiff was allocated a plot of land for the project and made substantial improvements before the plot was reallocated to high-ranking officials. (*Id.* at 7.) He states that the reallocation and the inadequate compensation he received made "a blatant mockery of the codes of the constitution and concepts of human rights as well as the protection of private property." (*Id.* at 8.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v.*

*Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

The "failure of subject matter jurisdiction is not waivable and may be raised . . . by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *accord* Fed. R. Civ. P. 12(h)(3). "A defendant's immunity from suit divests the Court of subject matter jurisdiction." *Georges v. United Nations*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016).

As relevant here, the Foreign Sovereign Immunities Act (the "FSIA" or "Act") provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States," except as provided in 28 U.S.C. §§ 1605–07. 28 U.S.C. § 1604. "[T]he FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). "Under the Act, a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign

3

state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (citing *Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 488–489 (1983)). These exceptions include circumstances in which the foreign state has waived its immunity, the activity or issue arose in the United States, a loss of property occurred in violation of international law, the action involves maritime liens arising under admiralty law, or the foreign state is responsible for terrorist acts. 28 U.S.C. §§ 1605, 1605A. Although an individual foreign officer is not protected by the FSIA, *Samantar v. Yousuf*, 560 U.S. 305, 314–15 (2010), "foreign government officials acting their official capacity . . . are entitled to immunity" under longstanding common law. *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) (citing *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897); *Matar v. Dichter*, 563 F.3d 9, 14 (2d Cir. 2009)).

Here, none of Plaintiff's claims against the Republic of Kazakhstan falls within an FSIA exception, so the Court lacks jurisdiction to consider them. As Plaintiff's claims against the President of the Republic of Kazakhstan arise out of the President's allegedly official actions in his capacity as a head of state, the Court also lacks jurisdiction to consider them. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's complaints are dismissed in their entirety for lack of subject-matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close these cases.

SO ORDERED.

Dated: Brooklyn, New York  
      July 11, 2019

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge